Citation Nr: 1456914 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-03 559 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Sopko, Associate Counsel


INTRODUCTION

The Veteran had active military service from November 1969 to May 1972. He had additional National Guard service.

He appealed to the Board of Veterans' Appeals (Board) from an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified before the undersigned Veterans Law Judge in June 2012.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Remand is required for further development of the evidence, to include clarification from a VA examiner and the appeal is therefore REMANDED for the following action:

1. Ascertain if the Veteran has received any VA, non-VA, or other medical treatment, pertinent to the claim on appeal, that is not evidenced by the current record - to specifically include, but not limited to, any VA outpatient records. The Veteran must be provided with the necessary authorizations for the release of any private treatment records not currently on file. The RO/AMC must then obtain these records, as well as any other pertinent records, and associate them with the claims folder. If VA is unsuccessful in obtaining any medical records identified by the Veteran, it must inform him and provide him an opportunity to submit copies of the outstanding medical records. 

In particular, obtain:

* all VA treatment records from the Madison VAMC, dated since April 2008 (the start of treatment at this location according to the August 2011 DRO hearing).

* all audiograms conducted at the Madison VAMC, dated since April 2008. These include, but are not limited to, those administered in July 2009, September 2010, and September 2011.

* the private treatment records detailed in the September 2010 Notice of Disagreement.

Upload these records in separate electronic files to VBMS.

2. Return the file as developed above to the examiner who conducted the October 2009 examination. If that examiner is no longer available, schedule another VA compensation examination for a medical nexus opinion concerning the etiology of the Veteran's bilateral hearing loss and tinnitus. The Veteran is hereby advised that failure to report for this scheduled VA examination, without good cause, may have adverse consequences on this pending claim as it will require deciding this claim based on the existing evidence. 38 C.F.R. § 3.655 (2014).

The examination should include all necessary diagnostic testing or evaluation and should include consideration of the results of the testing that has been done to date, including during the prior VA compensation examination in October 2009. Therefore, the claims file, including a complete copy of this Remand, must be made available for review of the pertinent medical and other history. 

The examiner must opine on:

Whether hearing loss is the result of the Veteran's military service or is otherwise related or attributable to his service or dates back to his service?

Whether tinnitus is the result of the Veteran's military service or is otherwise related or attributable to his service or dates back to his service?

If the examiner is unable to render the requested opinions without resort to speculation, he or she must so state. However, a complete explanation for such a finding must be provided, such as whether there is inadequate factual information, whether the question falls within the limits of current medical knowledge or scientific development, whether the cause of the condition in question is truly unknowable, and/or whether the question is so outside the norm of practice that it is impossible for the examiner to use his or her medical expertise and training to render an opinion.

THE EXAMINER IS ADVISED THAT THE COURTS HAVE IMPOSED A REQUIREMENT ON THE BOARD TO EVALUATE ANY MEDICAL OPINIONS BY EXAMINATIONS OF MULTIPLE FACTORS, INCLUDING BUT NOT LIMITED TO:

WHETHER THE EXAMINER CONDUCTED A PERSONAL INTERVIEW OF THE VETERAN; 

WHETHER CLINICAL TESTING WAS CONDUCTED AND THE RESULTS;

WHETHER A COMPREHENSIVE REVIEW OF THE CLAIMS FOLDER AND OTHER MEDICAL AND FACTUAL EVIDENCE WAS CONSIDERED, INCLUDING OTHER MEDICAL OPINIONS; 

THE CONCLUSIONS REACHED AND WHETHER THEY ARE BASED ON THE STATE OF MEDICAL KNOWLEDGE. 

THE EXAMINER IS ALSO ADVISED THAT BY LAW, THE MERE STATEMENT THAT THE CLAIMS FOLDER WAS REVIEWED THE EXAMINER HAS EXPERTISE IS NOT SUFFICIENT TO FIND THAT THE EXAMINATION IS SUFFICIENT. 


3. Then readjudicate the claim for service connection for bilateral hearing loss and tinnitus on its underlying merits in light of this and all other additional evidence. If this claim continues to be denied, send the Veteran and his representative a Supplemental Statement of the Case and give them an opportunity to submit additional evidence and/or argument in response before returning the file to the Board for further appellate consideration of this claim.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).